# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JERALD ALLEN MARTIN, : | |
| Petitioner, : | |
| : | Case No. 3:09cv00146 |
| vs. : | |
| : | District Judge Walter Herbert Rice |
| STATE OF OHIO, : | Magistrate Judge Sharon L. Ovington |
| Respondent. : | |

## REPORT AND RECOMMENDATIONS[1]

**I.   INTRODUCTION**

Petitioner is an inmate in state custody due to his guilty plea and resulting criminal conviction in the Montgomery County, Ohio Court of Common Pleas. (Doc. #1 at 1). He is presently serving a six-year sentence at the Chillicothe Correctional Institution in Chillicothe, Ohio. *Id.* He brings this case *pro se* seeking a writ of habeas corpus under 28 U.S.C. §2254. The case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the Dayton General Order of Reference.

This case is before the Court for preliminary review of the Petition pursuant to Rule 4 of the Rules Governing §2254 Cases. Rule 4 instructs, in part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See Brooks v. Capello*, 2009 WL 1010978 at *1 (W.D. Mich. 2009) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(district court has the duty to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

"screen out" petitions that lack merit on their face).

## II. BACKGROUND

In his Petition, Martin refers to himself as "The Secured Party Creditor; Jerald-Allen: Martin®" or some similar appellation. *E.g.*, Doc. #1 at 16, 20. He explains, "The term '<u>Secured Party Creditor</u>' means Jerald-Allen Martin.®" (Doc. #1 at 19)(emphasis in original). He also refers to himself, "JERALD ALLEN MARTIN®" as "DEBTOR." *Id*. at 16, 19.

Martin's Petition is, at times, rather cryptic. For instance, he states:

> The Secured-Party Creditor; Jerald-Allen: Martin® has been denied access to the Courts of the Ohio Republic and/or STATE OF OHIO, as the STATE OF OHIO has ignored all of the filing(s) of the authorized Representative Jerald-Allen: Martin® for the STATE used CORPORATE FICTION JERALD-ALLEN MARTIN® State I.D. #469-197.[2] The Secured Party Creditor; Jerald-Allen; Martin® is now Holder-In-Due-Course, Record Owner and Trade Name Owner of the CORPORATE FICTION JERALD-ALLEN MARTIN® (hereinafter DEBTOR) and <u>can</u> relieve DEBTOR from <u>ANY</u> and <u>All</u> <u>Claims</u> of a civil, criminal and/or commercial nature.

*Id*. at 16 (emphasis in original)(footnote added). Martin alleges that he ("Jerald-Allen: Martin®)" has exhausted his stated remedies; that he is presently under restraint in connection with case number 2004CR689 – his state criminal case – and that his restraint is unlawful and without cause; and that he seeks a Writ of Habeas Corpus requiring the State of Ohio to release him. (Doc. #1 at 16-17).

Martin defines many terms used throughout the Petition and sets forth his statement of the "Purpose of the Writ of Habeas Corpus." *Id*. at 18-21. Martin claims that he ("the Secured Party Creditor; Jerald-Allen:Martin®") has been denied due process of law and equal protection of law in violation of his rights under the Fifth and Fourteenth

---

[2] This is Martin's prisoner number. (Doc. #1 at 1).

Amendments to the United States Constitution. He further claims that he has been denied the right to effective assistance of counsel in violation of the Sixth Amendment. And he asserts:

> The STATE OF OHIO; threatening to further restrain the liberty of the Secured Party Creditor; Sovereign Jerald-Allen:Martin® by through imprisonment and <u>loss of property</u> without lawful due process of law and equal protection of law protected by amendments 5, 6, and 14 to the Constitution <u>of</u> the United States <u>for</u> the <u>u</u>nited States of America. [sic]

(Doc. #1 at 21).

Martin indicates in his Petition that he appealed his conviction in the Ohio Court of Appeals, but his case was "overthrown due to lack of merit." (Doc. #1 at 2). He did not seek further review by the state's highest court. *Id*. And Martin did not file a petition for certiorari in the United States Supreme Court. *Id*. at 3.

Martin further indicates in his Petition that on January 2, 2009, he filed an "Administrative Notice" in the Montgomery County Court of Common Pleas under case number 2004CR00689. He describes the grounds raised in his Administrate Notice as follows:

> Fact: (1) Jerald-Allen Martin® is a Secured Party
>
> (2) JERALD-ALLEN MARTIN® is a DEBTOR
>
> (3) Secured Party is Holder-In-Due-Course, Record Owner, and Trade Name Owner of Debtor, and can relieve DEBTOR from any an[d] all claims of a civil criminal and/or commercial nature.

(Doc. #1 at 4). On January 22, 2009, the Court issued a "Decision, order and Entry Striking Defendant's Notice." *Id*. Martin also filed in the Court of Common Pleas two similar Notice with a similar results. *Id*. at 5. Those Notices were dismissed on January 22 and 30, 2009, respectively. *Id*. at 5-6.

Attached to the Petition are many documents in which Martin asserts his status as a

"foreign sovereign" or "debtor" or "secured party" in what appears to be an attempt, in part, to alter his identity or citizenship or legal status; to establish the validity of various trademarks and copyrights; to establish himself as a foreign sovereign over which the Courts in the State of Ohio have no jurisdiction; and to void his birth certificate, his social security number, and a certain "Personal Treasury Direct Account." *See, e.g.,* Doc. #1, Exhibit G.

Public records[3] reveal that in March 2004 Martin was indicted in the Montgomery County Court of Common Pleas on seven counts of sexual battery and seven counts of rape. *See* http://www.clerk.co.montgomery.oh.us (public records search; docket sheet – case no. 2004cr689). In April 2004 Martin pled guilty on each rape count; the court dismissed each sexual battery count. The trial judge issued a Termination Entry on May 17, 2004, sentencing Martin to concurrent terms of six-years imprisonment on each rape conviction, with a mandatory sentence of six years. *See id.* In effect, Martin is serving a six-year sentence, which is set to expire on February 24, 2010. *See id.*; *see also* http://www.drc.ohio.gov (offender search by name).

After the Termination Entry documenting his convictions and sentence, Martin had thirty days to file a Notice of Appeal. *See* Ohio R. App. P. 3, 4(A). He did not do so; he instead waited more than seventeen months, until December 28, 2005, to file a Notice of Appeal. *See id.* Although the Ohio Court of Appeals granted Martin leave to proceed with a delayed appeal, he voluntarily dismissed that case in June 2006. *See* http://www.clerk.co.montgomery.oh.us (public records; search by name; *State of Ohio v. Jerald Allen Martin*, Ct. App. No. 021975). The Ohio Court of Appeals dismissed a subsequent appeal by Decision and Entry dated March 28, 2007).

Martin filed his present Petition for Writ of Habeas Corpus on April 14, 2009.

---

[3] The Court takes judicial notice of the readily verifiable information provided in these public records. *See* Fed. R. Evid. 201. This information does not, moreover, conflict with the information provided in the Petition.

## III. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner to file his or her habeas corpus Petition within one year from the conclusion of his or her state appeal. 28 U.S.C. §2244(d)(1). This one-year period begins to run from the latest of the following:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution ... is removed;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable...;

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

The AEDPA permits tolling of its one-year statute of limitations as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(2).

Martin's present Petition for Writ of Habeas Corpus is barred by the AEDPA's one-year statute of limitations. Martin did not file a timely Notice of Appeal in the Ohio Courts. Although the Ohio Court of Appeals provided him with an opportunity to pursue a delayed appeal, he voluntarily withdrew that action in June 2006. His most recent Notice of Appeal was dismissed on March 28, 2007. Using any of those dates as the accrual date for the AEDPA's statute of limitations, his present Petition was not filed within one year and is therefore untimely. In addition, the Court may dismiss sua sponte

5

an untimely Petition for Writ of Habeas Corpus. *See Day v. McDonough*, 547 U.S. 198 (2006).

It remains possible that the doctrine of equitable tolling may excuse Martin's untimely Petition. "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). Equitable tolling does not rescue Martin's habeas Petition from its untimeliness, because his Petition contains no indication that he lacked either actual or constructive knowledge of the AEDPA's limitation period and his Petition, the attached documents, and public records relating to his state criminal proceedings do not indicate that he has been diligent in pursuing his federal habeas claims in this Court. In these circumstances, equitable tolling does not assist him in avoiding the AEDPA's one-year statute of limitations. *See id*. at 604-05.

Accordingly, the AEDPA's one-year statute of limitation bars Martin's Petition.

**IV.     CERTIFICATE OF APPEALABILITY**

Before Martin may appeal a denial of his habeas petition, he must first obtain a certificate of appealability. 28 U.S.C. §2253(c)(1)(A).

To obtain a certificate of appealability, a habeas petitioner must make a substantial showing of the denial of a constitutional right. *Id*.; *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). If a habeas Petition is rejected on procedural grounds without reaching the merits of the petitioner's claims, the petitioner obtains a certificate of appealability by demonstrating that reasonable jurists would find it debatable whether (1) the petitioner has stated a valid constitutional claim and (2) the District Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons stated above, reasonable jurists could not debate that Martin's Petition is time barred. Consequently, a certificate of appealability should not issue.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Jerald Allen Martin's Petition for Writ of Habeas Corpus (Doc. #1) be DENIED;

2. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

3. The case be terminated on the docket of this Court.


April 20, 2009

                                                                s/ Sharon L. Ovington
                                                                   Sharon L. Ovington
                                                          United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).